## J. D. ANDREWS V. C. M. WINKLER, ADM'R.

In the course of a litigation involving the title to slaves, one of the parties made a proposition for a compromise, which the other party accepted in qualified terms, putting upon the proposition an unwarrantable construction, in consequence of which, upon an attempt to carry the compromise into effect, the parties differed to such an extent that the attempt was abandoned. The suit being thereupon resumed, the party accepting the proposal to compromise set it up by answer in his favor, and sought to enforce it, with his construction, as against the other party. *Held*, that, under these circumstances, it was proper for the court below to instruct the jury to disregard the so-called compromise, and to decide the case upon the merits of the respective titles of the parties to the property in controversy.

ERROR from Navarro. Tried below before the Hon. John Gregg.

The plaintiff in error became an intervenor in the suit of D. R. Mitchell and another, against the defendant in error as administrator of R. H. Porter, deceased. The original suit was commenced by writ of sequestration, and involved certain negro slaves, who were claimed by the administrator to belong to his intestate. By his petition of intervention, the plaintiff in error, Andrews, claimed the slaves, or some of them, as his property, and an issue for the trial of the right was made up between him and Winkler as administrator.

Pending the litigation, the following proposition for a compromise was made :

"The attorneys of C. M. Winkler, administrator, do propose as a compromise to submit the valuation of all the negroes and their hire, from the time Andrews received them up to the present time, to two disinterested persons, deducting therefrom the value of those negroes who are dead, and their hire from the time of their death; and in case the two arbitrators cannot agree, they are to select a third one, and the said Andrews is to pay one half of the above estimate, or deliver one half of the negroes equal in value, or their value as estimated in money. If the above proposition is accepted, it is the final adjustment

of all the matters in litigation between the parties, costs &c.,—the suit to be dismissed by plaintiff, and intervenor permitted to withdraw from said suit.

(Signed,)   "BARZIZA & WALKER."

Of this proposition, there was a modified or partial acceptance, as follows:

"I accept the last proposition of the offer of compromise.

(Signed,)   "J. D. ANDREWS."

At the Spring Term, 1857, the appellant, as intervenor, filed his amended petition, and set up the above proposition and his acceptance of it, and alleged, that in pursuance of it, he and F. L. Barziza, the attorney of Winkler, had met at Houston, in February, 1857, to carry into effect the terms of said agreement; that thereupon the negroes in controversy were appraised by disinterested persons, selected by said attorney and this petitioner, at the sum of $3,350; and that thereafter this petitioner tendered to said attorney $1,675, in gold coin, being one half of said appraisement; and has been since ready to pay the same in discharge of the said compromise. Wherefore, petitioner prays that said Winkler be required to receive said sum in satisfaction of the compromise, and that petitioner be dismissed with his costs, &c.

In reply Winkler alleged, in substance, that the proposition submitted by him was not divisible, but was a single proposition, to be wholly accepted or rejected; that the last portion of the proposition, allowing Andrews to take the negroes and account for half their value, was not a separate and distinct proposition, but was part of the original proposition; that Andrews had not accepted the proposition according to its true intent and meaning, and had never tendered to this defendant, or his agent, one half of the value and hires of said negroes, but had positively refused so to do.

There were various other pleadings on both sides, not necessary to detail.

From the evidence, it appeared, that in February, 1857, Andrews in person, and Winkler by Barziza as his agent and attorney, met at Houston by appointment, for the purpose of carrying

into effect the terms of the compromise. That two arbitrators and an umpire were chosen, by whom the value of the negroes was estimated at $3,350, and their hires at $1,300. That thereupon Andrews tendered to Winkler's agent $1,675, in gold, being half the assessed value of the negroes. That Winkler's agent, Barziza, refused to accept the money tendered, claiming that, according to the terms of the compromise, Andrews was to pay one half of the hires also. On this difference, the attempt to conclude the compromise was abandoned.

On the trial, the court charged the jury, that "the offer to compromise contains but one proposition; and as it was not accepted in full, and the plaintiff has not performed his part, they can not consider the award for any purpose whatever—except that they may look to the testimony of the gentlemen who acted as arbitrators, in order to assist them, taking it with the other testimony in arriving at the value of the property in controversy."

The jury returned a verdict in favor of Winkler, administrator, for the negroes, or their values assessed in the verdict, and for their hires. Judgment accordingly; and motion of Andrews for a new trial overruled.

*W. P. Rogers*, for plaintiff in error.

*Winkler & Walker*, for defendant in error.

BELL, J.—It is contended by the counsel for the plaintiff in error, that the court below erred in the instruction given to the jury in relation to the instrument purporting to be an offer of terms of compromise or settlement by Winkler, and a qualified acceptance of the same by Andrews. We are of opinion that the court below, in view of the evidence, was fully justified in instructing the jury to disregard the whole matter of the so-called compromise, and to decide the case upon the merits of the respective titles of the parties to the property in controversy. It was clearly shown, that Andrews had put a construction upon the instrument which set forth the terms of the proposed settlement, to suit himself, and one that was not warranted by the instrument

itself.   It was also shown, that an attempt was made by the parties to carry the compromise into effect; that they differed as to the meaning of the instrument, abandoned the attempt to settle upon the basis of it, and resumed the litigation.   Under these circumstances, the court acted properly in declining to embarrass the case with the questions which the plaintiff in error proposed to make upon the agreement to compromise.   There is no question made in this court upon the merits of the respective titles, and we see no reason for disturbing the judgment of the court below.

The judgment of the court below is affirmed.

Judgment affirmed.